IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, a Delaware Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>PAMELA WHITNEY, and AMBER CALLAWAY<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-78-GKF-FHM<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF OF PLAINTIFF MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED

Plaintiff, Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch" or ("Plaintiff") seeks through this Amended Complaint for Interpleader to interplead two beneficiary controlled accounts (including the assets held in those accounts) held by Merrill Lynch as custodian, bearing account numbers 659-71152 and 659-71155, and a third account being held by Merrill Lynch as custodian, the Amber Callaway Account #659-12951. Merrill Lynch further requests that as a disinterested stakeholder, it be dismissed from this action and be awarded its costs and attorney's fees. In support of its Amended Complaint for Interpleader and Declaratory Relief, Merrill Lynch states the following:

### STATEMENT OF COMPLIANCE WITH F.R.C.P. 15(a)(2)

Pursuant to Federal Rule 15(a)(2), Plaintiff has obtained written consent from both defendants to the filing of this Amended Complaint.

## STATEMENT OF JURISDICTION

On February 4, 2009, Merrill Lynch filed a Petition for Interpleader in the District Court of Tulsa County, and set forth the following jurisdictional statement:

> Plaintiff Merrill Lynch has offices in Tulsa County, Oklahoma and the Suzanne Whitney Beneficiary Controlled Accounts are maintained at Merrill Lynch's Tulsa, Oklahoma office. Defendant Pamela Whitney resides in North Carolina and filed the original complaint in the State Court Action in Tulsa County. Defendant Amber Calloway resides in Sapulpa, Tulsa County, Oklahoma. Therefore, this Court has jurisdiction over the res and the parties and venue is proper.

On February 20, 2009, Defendant Pamela Whitney filed an Amended Notice of Removal to the United States District Court for the Northern District of Oklahoma. Defendant Whitney filed her removal action pursuant to 28 U.S.C. §1332, alleging complete diversity of citizenship and an amount in controversy in excess of $75,000. As a result of Merrill Lynch's role as a disinterested stakeholder, Defendant Whitney requested the Court realign Defendant Callaway as the true Plaintiff for purposes of consent to removal.

## STATEMENT OF FACTS

1. Upon her death in May 2007, Mary Whitney maintained two Individual Retirement Accounts (the "Mary Whitney IRAs") with Merrill Lynch.

2. The Mary Whitney IRAs were numbered 659-87628 and 659-86343.

3. In connection with each of these accounts, Mary Whitney designated her daughters, Suzanne Whitney and Pamela Whitney, as beneficiaries with each to receive fifty percent (50%) of the assets remaining in the Mary Whitney IRAs upon her death.

4. As beneficiaries to the Mary Whitney IRAs, both Pamela Whitney and Suzanne Whitney elected to open new accounts ("Beneficiary Controlled Accounts") to receive their portion of the assets in the Mary Whitney IRAs.

5. The Beneficiary Controlled Accounts were established to comply with federal tax regulations, providing potential tax benefits to both Pamela Whitney and Suzanne Whitney.

6. Both Pamela Whitney and Suzanne Whitney executed Beneficiary Controlled Letter of Transfer Authorization Forms, directing the transfer of assets from the Mary Whitney IRAs to their respective Beneficiary Controlled Accounts in accordance with Mary Whitney's designated distribution, i.e. each received fifty percent (50%) of the assets.

7. Suzanne Whitney's Beneficiary Controlled Accounts are numbered 659-71152 and 659-71155 ("Suzanne Whitney Beneficiary Controlled Accounts"). Pamela Whitney's Beneficiary Controlled Accounts are numbered 659-71153 and 659-71154.

8. In connection with their Beneficiary Controlled Accounts, and pursuant to the terms of the contractual agreements governing the Beneficiary Controlled Accounts, both Pamela Whitney and Suzanne Whitney designated beneficiaries to receive any remaining assets in their respective Beneficiary Controlled Accounts upon their death.

9. Suzanne Whitney designated Amber Calloway as beneficiary to the Suzanne Whitney Beneficiary Controlled Accounts. Pamela Whitney designated her husband, Dr. Ward, as beneficiary to her Beneficiary Controlled Accounts.

10. Suzanne Whitney died on October 25, 2007.

11. Following Suzanne Whitney's death, Pamela Whitney filed suit against Merrill Lynch and Amber Calloway in Tulsa County, Oklahoma, District Court Case No. CJ 2008-1654, the Honorable Jeffrey Sellers, Presiding ("the State Court Action") claiming a right to the assets in the Suzanne Whitney Beneficiary Controlled Accounts.

12. In the State Court Action, Pamela Whitney alleged, among other things, that Suzanne Whitney lacked the requisite mental capacity to designate a beneficiary.

13. Merrill Lynch was named in the original petition in the State Court Action as a nominal defendant because it was the custodian of the accounts which held the assets in dispute.

14. In its original answer in the State Court Action, Merrill Lynch disclaimed any interest in the assets in the Suzanne Whitney Beneficiary Controlled Accounts and requested that the Court provide it with instruction on the appropriate disposition of the assets.

15. On June 27, 2008, Pamela Whitney filed an Amended Petition in the State Court Action, asserting additional claims against Merrill Lynch.

16. Merrill Lynch denied all such claims, sought to compel arbitration of such claims pursuant to the agreement between Pamela Whitney and Merrill Lynch and moved to interplead the Suzanne Whitney Beneficiary Controlled Accounts and be dismissed from the action.

17. A hearing was held on May 27, 2008 in the State Court Action, where by Pamela Whitney and Amber Calloway, by and through their respective counsel, agreed the Suzanne Whitney Beneficiary Controlled Accounts would remain frozen pending the outcome of the State Court Action due to potential tax consequences associated with liquidating the accounts.

18. Thereafter, the Court dismissed Merrill Lynch from the State Court Action with the instructions to freeze the Suzanne Whitney Beneficiary Controlled Accounts until the State Court Action was resolved.

19. On July 8, 2008, Pamela Whitney filed an arbitration claim ("Claim") with the Financial Regulatory Authority ("FINRA").

20. In the FINRA Claim, Pamela Whitney asserts various claims against Merrill Lynch, including (1) alleging that Merrill Lynch did not have the authorization necessary to distribute the assets in the Mary Whitney IRAs; and (2) the contract between Merrill Lynch and Suzanne Whitney, by which Suzanne Whitney designated a beneficiary for the Suzanne Whitney Beneficiary Controlled Accounts, is unlawful.

21. On December 4, 2008 the jury in the State Court Action returned a verdict in favor of Defendant Amber Callaway, finding that Suzanne Whitney was competent when she designated Amber Calloway as her beneficiary.

22. The jury in the State Court Action further found that Amber Calloway was not unjustly enriched by Suzanne Whitney's designation of her as beneficiary to the Suzanne Whitney Beneficiary Controlled Accounts.

23. Pamela Whitney has appealed that verdict and the judgment entered thereon in the State Court Action.

24. The arbitration claim filed by Pamela Whitney against Merrill Lynch is set for Hearing on August 4, 2009 ("Arbitration Hearing").

25. The Arbitration Hearing will address and resolve the allegation that Merrill Lynch's lacked the authority to transfer assets from the Mary Whitney IRAs pursuant to her instructions.

26. The Arbitration Hearing will further address and resolve the allegation that the contract between Merrill Lynch and Suzanne Whitney, by which Suzanne Whitney designated a beneficiary for the Suzanne Whitney Beneficiary Accounts, is unlawful.

27. On December 31, 2008, Merrill Lynch set up the Amber Callaway Account #659-12951 ("Amber Callaway Account") in order to make a required distribution resulting from the Mary Whitney IRAs.

28. On January 22, 2009 Amber Callaway, by and through her counsel, made written demand on Merrill Lynch for payment of the funds in the Suzanne Whitney Beneficiary Controlled Accounts and the Amber Callaway Account.

29. As a result of the above circumstances (i.e. the outcome of the State Court Action and the pending arbitration hearing), Pamela Whitney and Amber Callaway each claim the right to the Suzanne Whitney Beneficiary Controlled Accounts and the Amber Callaway Account.

30. Merrill Lynch seeks to interplead the Suzanne Whitney Beneficiary Controlled Accounts and the Amber Callaway Account until an appropriate disposition of the assets can be determined.

31. As described herein, conflicting claims are established to the right to the Suzanne Whitney Beneficiary Controlled Accounts and Amber Callaway Account.

32. Merrill Lynch is now and has at all times been ready and willing to release the assets in each of these three accounts to the person or persons legally entitled to them but is unable to do so because of the conflicting claims.

33. Merrill Lynch is merely a stakeholder and claims no interest in the accounts.

34. Merrill Lynch cannot reverse the transactions involving the Suzanne Whitney Beneficiary Controlled Accounts and the Amber Callaway Account nor release the funds to either party without assuming the responsibility of determining doubtful questions of fact and law and without incurring the risk of being subjected to the cost and expense of defending itself in a multiplicity of suits by the interested parties in these three accounts.

35. Merrill Lynch has been compelled to employ attorneys and pay court costs for the purpose of protecting its interest arising out of these conflicting claims.

**WHEREFORE**, Merrill Lynch prays that the Court order the following:

(1) Defendant Pamela Whitney and Defendant Amber Calloway to settle among themselves in this proceeding their respective rights, if any, to the Suzanne Whitney Beneficiary Controlled Accounts and Amber Callaway Account;

(2) Merrill Lynch to hold the Suzanne Whitney Beneficiary Controlled Accounts and Amber Callaway Account in the current account forms for the purpose of safekeeping the assets therein until Defendant Pamela Whitney's and Defendant Amber Calloway's rights to these three accounts are determined, or until further order of the Court; and,

(3) upon such determination being made, the Court dismiss Merrill Lynch from this action and discharge Merrill Lynch from all liability except to the defendant determined to be entitled to the Suzanne Whitney Beneficiary Controlled Accounts and Amber Callaway Account;

(4) Discharge Merrill Lynch from this action upon the Court's determination that the Suzanne Whitney Beneficiary Controlled Accounts and Amber Callaway Account, and the assets within those accounts, are deemed interpleaded and to be held pending a resolution of the rights of Defendant Pamela Whitney and Defendant Amber Calloway' to these accounts;

(5) Defendant Pamela Whitney and Defendant Amber Calloway should be permanently enjoined from making claims against Merrill Lynch regarding the Suzanne Whitney Beneficiary Controlled Accounts and Amber Callaway Account,

(6) Conduct a hearing on these matters as soon as possible due to the potential tax consequences arising on April 15, 2009; and

(6) award Merrill Lynch its costs and attorney's fees.

Respectfully submitted,

/S/ Dixie L. Coffey
Dixie L. Coffee, OBA No. 11876
Day Edwards Propester & Christensen, P.C.
2900 Oklahoma Tower
210 Park Avenue
Oklahoma City, Oklahoma 73102-5605
Telephone (405) 239-2121
Facsimile (405) 236-1012
dcoffee@dayedwards.com
**ATTORNEYS FOR PLAINTIFF,**
**Merrill Lynch, Pierce, Fenner & Smith Incorporated**

## CERTIFICATE OF SERVICE

This is to certify that on the 4th day of March, 2009, a true and correct copy of the above and foregoing instrument was served on the following parties in the manner indicated below:

| | |
|---|---|
| Steven M. Harris<br>Christopher Matthew Bickell<br>DOYLE HARRIS DAVIS & HAUGHEY<br>1350 South Boulder, Suite 700<br>Tulsa, OK 74119<br>ATTORNEYS FOR DEFENDANT<br>PAMELA WHITNEY | Via ECF |
| Curtis Allan Parks<br>1736 S. Carson<br>Tulsa, OK 74119<br>ATTORNEY FOR DEFENDANT<br>AMBER CALLOWAY | Via U.S. Mail |

*Dixie L. Coffey*
Dixie L. Coffey

1