IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MERRILL LYNCH, PIERCE, FENNER & )
SMITH, INC., a Delaware corporation, )
)
        Plaintiff, )
)
vs. ) Case No. 09-CV-78-GKF-PJC
)
PAMELA WHITNEY and AMBER )
CALLAWAY, )
)
        Defendants. )

## OPINION AND ORDER

This matter comes before the court on the Motion to Remand of defendant Amber Callaway [Doc. No. 30]; defendant Pamela Whitney's Motions to Compel Arbitration, Motion to Dismiss and Motion to Stay [Doc. Nos. 25-27]; and plaintiff Merrill Lynch, Pierce, Fenner & Smith, Inc.'s ("Merrill Lynch") Motion to Dismiss counterclaims of defendant Amber Callaway [Doc. No. 41].

### I. Background/Procedural History

At the time of her death in May of 2007, Mary Whitney maintained two Individual Retirement Accounts (the "Mary Whitney IRAs") with Merrill Lynch. The Mary Whitney IRAs were numbered 659-87628 and 659-86343. Mary Whitney had designated her daughters, Suzanne Whitney and Pamela Whitney, as beneficiaries of the accounts, with each to received 50 percent of the assets remaining in the Mary Whitney IRAs upon her death. As beneficiaries of the Mary Whitney IRAs, both Pamela Whitney and Suzanne Whitney elected to open new accounts ("Beneficiary Controlled Accounts") to receive their portion of the assets in the Mary Whitney IRAs. Suzanne Whitney's Beneficiary Controlled Accounts are numbered 659-71152 and 659-71155 and Pamela Whitney's Beneficiary Controlled Accounts are numbered 659-71153 and 659-

71154. In connection with their Beneficiary Controlled Accounts, both Pamela Whitney and Suzanne Whitney designated beneficiaries to receive any remaining asserts in their respective Beneficiary Controlled Accounts upon their death. Suzanne Whitney designated Amber Callaway as beneficiary to her Beneficiary Controlled Accounts and Pamela Whitney designated her husband as beneficiary to her Beneficiary Controlled Accounts.

Both Pamela Whitney and Suzanne Whitney executed Beneficiary Controlled Letter of Transfer Authorization Forms, directing the transfer of assets from the Mary Whitney IRAs to their respective Beneficiary Controlled Accounts in accordance with Mary Whitney's designated distribution, each receiving 50 percent of the assets.

Suzanne Whitney died on October 25, 2007. Following Suzanne's death, Pamela Whitney filed suit against Merrill Lynch and Amber Callaway in Tulsa County District Court, Case No. CJ 2008-1654, claiming a right to the assets in the Suzanne Whitney Beneficiary Controlled Accounts. Pamela Whitney asserted therein Suzanne Whitney lacked the requisite mental capacity to designate a beneficiary and Callaway had been unjustly enriched by a distribution she received from the account. Initially, the state court action named Merrill Lynch as a nominal defendant because it was custodian of the accounts which held the assets in dispute. Pamela Whitney later amended her petition to assert additional claims against Merrill Lynch. Merrill Lynch sought to compel arbitration of the additional claims and moved to interplead the Suzanne Whitney Beneficiary Controlled Accounts and be dismissed from the action.

At a hearing on May 27, 2008, Pamela Whitney and Amber Callaway agreed the Suzanne Whitney Beneficiary Controlled Accounts would remain frozen pending the outcome of the state court action. Thereafter, the court dismissed Merrill Lynch from the case with instructions to

freeze the Suzanne Whitney Beneficiary Controlled Accounts until the state court action was resolved.

On July 8, 2008, Pamela Whitney filed an arbitration claim against Merrill Lynch with the Financial Regulatory Authority ("FINRA"). Whitney alleged therein that Merrill Lynch did not have the authorization necessary to distribute the assets in the Mary Whitney IRAs and the contract between Merrill Lynch and Suzanne Whitney, by which Suzanne Whitney designated a beneficiary for the Suzanne Whitney Beneficiary Controlled Accounts, was unlawful. Amber Callaway is not a party to the arbitration, which is set for hearing August 4-5, 2009.

On December 4, 2008, the jury in the state court action returned a verdict in favor of defendant Amber Callaway, finding that Suzanne Whitney was competent when she designated Amber Callaway as her beneficiary and further finding Amber Callaway was not unjustly enriched by her designation as Suzanne Whitney's beneficiary to the Suzanne Whitney Beneficiary Controlled Accounts. Pamela Whitney has appealed the verdict and judgment entered in the state court action, and that appeal is currently pending.

On January 22, 2009, Amber Callaway made written demand on Merrill Lynch for payment of the funds in the Suzanne Whitney Beneficiary Controlled Accounts. Merrill Lynch responded by filing an interpleader action in Tulsa County District Court on February 4, 2009, seeking an order that it hold the Suzanne Whitney Beneficiary Controlled Accounts in the current account form for the purpose of safekeeping the assets therein pending resolution of the dispute between Pamela Whitney and Amber Callaway over ownership of the accounts. It also sought dismissal from the case and a permanent injunction prohibiting them from making claims against Merrill Lynch regarding the accounts.

Defendant Pamela Whitney removed the case from state court to federal court on February 19, 2009 and filed an Amended Notice of Removal on February 20, 2009. Whitney alleged diversity jurisdiction exists under 28 U.S.C. §1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000. Merrill Lynch is a Delaware corporation with its principal place of business in New York, Callaway is a resident of Sapulpa, Oklahoma, and Whitney is a resident of North Carolina. In the Notice of Removal and Amended Notice of Removal, Whitney asked the court to realign the parties for purposes of consent to removal so that defendant Callaway is realigned as a true plaintiff. Whitney asserted Callaway's demand letter prompted Merrill Lynch to file its interpleader action in state court, or alternatively, Callaway and Merrill Lynch have a unity of interest as to who should receive the funds at issue. [Docs. 1, 5].

On March 4, 2009, Merrill Lynch filed an Amended Complaint for Interpleader and Declaratory Relief. [Doc. No. 18]. On March 11, 2009, Callaway filed a pleading titled Objection to Amended Notice of Removal to the United States District Court for the Northern District of Oklahoma [Doc. No. 23]. In that pleading, Callaway objected to removal pursuant to 28 U.S.C. §1441(b), but did not move to remand the case pursuant to 28 U.S.C. §1447(c). On March 24, 2009, Whitney filed a Motion to Compel Arbitration [Doc. No. 25] and Motion to Dismiss [Doc. No. 26]. On March 27, 2009, Callaway filed a Motion to Remand, and on March 30, 2009, she filed an Answer to the Amended Complaint [Doc. No. 32] and Counterclaim against Merrill Lynch.

**II. Defendant Callaway's Motion to Remand**

Defendant Amber Callaway has moved for remand of the case to state court, arguing

removal violated the "forum defendant rule" set out in 28 U.S.C. §1441(b). Defendant Pamela Whitney raises two arguments in response: 1) Callaway's §1441(b) basis for remand has been waived because she failed to file her remand motion within 30 days after the case was removed to federal court; and 2) the court should realign the parties so that Whitney is the plaintiff and Callaway and Merrill Lynch are the defendants; if this is done, complete diversity exists.

### A. Waiver of 28 U.S.C. §1441(b)

Under 28 U.S.C. §1332, federal courts have subject matter jurisdiction over suits between or among citizens of different states where the matter in controversy exceeds $75,000. However, 28 U.S.C. §1441(b), the statute governing removal of cases from state court to federal court provides that diversity actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Callaway argues in her Motion to Remand that removal of this case to federal court because she is a citizen of Oklahoma.

The general procedure for removal of a case from state court to federal court is set out in 28 U.S.C. §1447. Regarding motions to remand, the statute provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

28 U.S.C. §1447(c).

"[T]here are two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself. *Huffman v. Saul Holdings Ltd. Partnership,* 194 F.3d 1072, 1076-1077 (10th Cir. 1999). A defect in subject matter jurisdiction can never be waived and may be raised at any time, but a procedural defect

5

does not involve the subject matter jurisdiction of the court and may be waived. *Id.* at 1077. In *Am. Oil v. McMullin,* the Tenth Circuit held a defect in removal procedure under 28 U.S.C. §1441(b) may be waived by plaintiff. 433 F.2d 1091,1094-95 (10th Cir. 1970).

Here, Callaway's Motion to Remand was not filed within 30 days after the filing of either the Notice of Removal on February 19, 2009, or the Amended Notice of Removal on February 20, 2009. Her Motion to Remand raises a procedural defect in removal under 28 U.S.C. §1441(b) as opposed to an issue of subject matter jurisdiction. Callaway's failure to file the motion on a timely basis constitutes a waiver of the forum defendant rule. Therefore, the motion must be denied.[1]

### III. Motion to Dismiss or Stay

Whitney, contending all of the parties to this action are bound by agreements to arbitrate any disputes arising from the accounts at issue, has moved to compel arbitration, or dismiss or stay this action pending arbitration. [Doc. Nos. 25-27]. Merrill Lynch agrees with Whitney with respect to Callaway's counterclaims against it, and has filed its own Motion to Dismiss Callaway's counterclaims. [Doc. No. 41]. However, it contends Whitney's motion should be denied with respect to its interpleader claims. [Doc. No. 44]. Callaway contends that because she did not sign a Uniform Submission Agreement consenting to participate in the arbitration between Merrill Lynch and Whitney, she is not required to arbitrate.

The "standard" Merrill Lynch Client Relationship Agreement provides:

---

[1] Whitney also asserts the court should realign the parties according to their true positions, characterizing her as defendant and Merrill, Lynch and Callaway as plaintiffs. The court is not convinced this characterization is accurate inasmuch as Callaway has asserted a counterclaim against Merrill, Lynch. Having found Callaway waived the forum defendant rule objection to removal, the court does not reach Whitney's second basis for denying the motion to remand.

> 8. AGREEMENT TO ARBITRATE CONTROVERSIES
>
> ...You agree that all controversies that may arise between us shall be determined by arbitration. Such controversies include, but are not limited to, those involving any transaction in any of your accounts with Merrill Lynch, or the construction, performance or breach of any agreement between us, whether entered or occurring prior, on or subsequent to the date hereof.

[Doc. No. 14, Ex. 4, Ex. E thereto at 14-5, WHI ML 0260]. Suzanne Whitney, Pamela Whitney and Amber Callaway all signed Client Relationship Agreements. [Doc. No. 14, Ex. 4, Exs. D and E thereto at 14-5; Doc. No. 41, Ex. A thereto, at 41-2].[2] Just as Whitney's claims against Merrill Lynch are subject to arbitration as a result of the Client Relationship Agreement, Callaway's counterclaims against Merrill Lynch must also be arbitrated. Therefore, both Whitney's Motion to Compel Arbitration, Dismiss or Stay [Docs. 25-27] and Merrill Lynch's Motion to Dismiss should be granted with respect to Callaway's counterclaims.[3]

Merrill Lynch argues, however, that its interpleader claims against Whitney and Callaway are not subject to the arbitration agreement because it merely seeks to interplead funds whose ownership is disputed between Whitney and Callaway and involve no "controversy" as

---

[2]Callaway cites to correspondence from the arbitration proceeding between Whitney and Merrill Lynch dated July 23, 2008. FINRA, in a letter to Callaway, stated, "since you have been named as a party in this arbitration, enclosed is a copy of the Statement of Claim. However, since you have not signed an agreement to arbitrate, your submission to arbitration must be voluntary. [Doc. 33, Ex. 2, 33-9]. Whitney argues this language references a Uniform Submission Agreement FINRA attached to the letter. Although the court is not convinced this assertion is correct, nevertheless it is uncontroverted that Callaway did, in fact, sign the Client Relationship Agreement.

[3]Callaway also contends the state court judge's refusal to compel arbitration between Whitney and Callaway on Whitney's claims against Callaway and Callaway's counterclaims against Whitney is "*res judicata*/collateral estoppel to Pamela Whitney's present reurging." [Doc. No. 33 at p. 4]. However, the claims pending in state court were between Pamela Whitney and Callaway and pertained to Pamela Whitney's contention her sister was not competent when she designated Callaway as her beneficiary.

contemplated by the Client Relationship Agreement.

Rule 22 of the Federal Rules of Civil Procedure allows a plaintiff to join as defendants persons with claims that may expose a plaintiff to double or multiple liability. Fed.R.Civ.P. 22(a). Merrill Lynch has sought to interplead the three accounts to which both Whitney and Callaway lay claim. While underlying disputes between Merrill Lynch and Whitney and Merrill Lynch and Callaway must also be arbitrated pursuant to the Client Relationship Agreements, interpleader of the funds in the three accounts appears to be appropriate. Therefore, the court concludes the action should be stayed with respect to Callaway's counterclaims.

## Conclusion

Defendant Callaway's Motion to Remand [Doc. No. 30] is denied.

Whitney's Motions to Compel Arbitration, Dismiss or Stay [Docs. No. 25-27] are denied with respect to Merrill Lynch's claim for interpleader, but her Motion to Stay [Doc. No. 27] is granted with respect to Callaway's counterclaims against Merrill Lynch. Merrill Lynch's Motion to Dismiss [Doc. No. 41] is denied as moot, the court having granted in part Whitney's Motion to Stay . Merrill Lynch is directed to transfer the funds in the three accounts at issue [Acct. Nos. 659-71152, 659-71155 and 659-12951] into an agreed rollover IRA account(s) on or before July 31, 2009, at which time the court will stay the action pending resolution of the arbitration between Whitney and Merrill Lynch and potential arbitration of Callaway's counterclaim against Merrill Lynch.

ENTERED this 10th day of July, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma