**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MERRIL LYNCH, PIERCE, FENNER & SMITH, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PAMELA WHITNEY and AMBER CALLAWAY <br><br> Defendants, | Case No. 09-CV-78-GKF-FHM <br><br> **JURY TRIAL DEMANDED** |

**PAMELA WHITNEY, THE ESTATE OF SUZANNE WHITNEY AND THE ESTATE OF MARY WHITNEY'S MOTION TO VACATE ARBITRATION AWARD PURSUANT TO 12 O.S. §1874 AND 9 U.S.C. §10 AND BRIEF IN SUPPORT**

COMES NOW Pamela Whitney, the Estate of Suzanne Whitney and the Estate of Mary Whitney (collectively the "Whitney Parties") and pursuant to 12 O.S. §1874(A)(4)[1] and 9 U.S.C. §10(a)(4)[2] respectfully move this Court for an Order vacating the Arbitration Award attached hereto as Exhibit 2.[3] In Support of this Motion, the Whitney Parties would show the Court as follows.

**I.     INTRODUCTION**

The Whitney Parties asserted multiple claims against Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") and Amber Callaway ("Callaway") in FINRA No. 08-02325 including claims for

---

[1] "Upon an application and motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if: . . . (4) An arbitrator exceeded the arbitrator's powers." 12 O.S. §1874.

[2] "In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration . . . (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
9 U.S.C. §10.

[3] All page references in the Award are associated with the pages in the top left hand corner of each page which states "Page __ of 8."

declaratory relief, injunctive relief, breach of fiduciary duty, breach of contract, and refund of monies paid.[4] The Arbitration Panel ("Panel") in making an Award (see Exhibit 2) following the presentation of evidence "failed to make a definite award upon the subject matter submitted," in compliance with 9 U.S.C. §10 and exceeded their powers contrary to 12 O.S. §1874. The Panel fashioned an Award which has no rational basis and disregards the law.

## II.    STATEMENT OF FACTS

1.    Mary Whitney (deceased) owned two IRA accounts (the "Mary Whitney IRAs") held at Merrill Lynch under account numbers 659-87628 and 659-86343. These accounts designated Mary Whitney's daughters, Suzanne Whitney and Pamela Whitney, as the beneficiaries with each to receive 50% of the assets of each IRA account. (See Exhibit 18, page 33).

2.    After Mary Whitney's death, Suzanne Whitney elected not to receive a distribution of the Mary Whitney IRA's but instead requested Merrill Lynch (as custodian) set up two new IRA accounts <u>in the name of her deceased mother</u> (with Suzanne Whitney as the beneficiary). These accounts were titled as "MLPF&S Cust FBO Mary Whitney Decd IRA FBO Ms. Suzanne Whitney". The new "Mary Whitney Decd" account numbers are 659-7115**2** and 659-7115**5**. (See Exhibit 1, pages 1, 8, and 62; Exhibit 21, pages 2-9.)

3.    Both Accounts were created in compliance with IRS regulations for tax purposes and <u>were required to remain in the name of the deceased (Mary Whitney).</u> (See Exhibit 1, pages 4-7; Exhibit 11, pages 20-21.)

4.    Suzanne Whitney (the <u>beneficiary</u> of the new Accounts) elected to name Amber Callaway as primary beneficiary for Account No. 659-7115**2** and Phyllis Dorian as contingent

---

[4] The Statement of Claim and the Answers of both Estates are attached hereto as Exhibits 3-5.

beneficiary, <u>but did not name a beneficiary for Account No. 659-7115**5**.</u>  (See Exhibit 1, page 1.)

5. Suzanne Whitney died intestate on October 25, 2007.  (See Exhibit 72, pages 39-43.)

6. After Merrill Lynch successfully compelled arbitration, Pamela Whitney filed her Statement of Claim in FINRA No. 08-02325 and submitted claims for declaratory relief to determine ownership to Account Nos. 659-7115**2** and 659-7115**5**.  (See Exhibit 3.)

7. Additionally, Pamela Whitney also submitted claims for injunctive relief, breach of fiduciary duty, breach of contract and refund of monies paid.  (See Exhibit 3.)

8. The Arbitration was also to determine all rights regarding the accounts as they applied to the Estate of Suzanne Whitney and the Estate of Mary Whitney.  (See Exhibits 3-5.)

9. Within the Award, the Arbitrators simply "denied" claims without determining ownership to the Accounts.  (See Exhibit 2, page 6.)

10. The Arbitrators awarded fees against the Whitney Parties in violation of Oklahoma law. (See 12 O.S. §1872, *State of Oklahoma, ex rel. State Insurance Fund v. JOA, Inc.*, 78 P.3d 534 (Okla. 2003) and *Oklahoma Turnpike Authority v. New Life Pentecostal Church of Jenks*, 870 P.2d 762 (Okla. 1994)).

11. Merrill Lynch's Client Relationship Agreement governs Account Nos. 659-7115**2** and 659-7115**5**.  Specifically, it states, "[t]o simplify the documentation of your household's relationship with Merrill Lynch and to help you understand the nature of the agreements underlying many of our accounts and services, we have prepared a Client Relationship Agreement.  This Agreement, as well as the underlying agreements for our various products and services, details the nature of our mutual obligations for the services you are about to use and those you may choose to use in the future."  (See Exhibit 21, page 2.)

12. The contract between Merrill Lynch and Suzanne Whitney states that if there is no

beneficiary named for an account, then the assets pass to the deceased's estate. (Exhibit 96, page 11.)

13. In violation of 12 O.S. 1874 and 9 U.S.C. §10, the Arbitrators exceeded their powers and so imperfectly executed their duties that a mutual, final, and definite award upon the subject matter was not made.

### III. SINCE NO BENEFICIARY WAS DESIGNATED FOR ACCOUNT NO. 659-7115**5**, BOTH THE MERRILL LYNCH CONTRACT AND OKLAHOMA LAW SPECIFY THAT THE ACCOUNT MUST PASS TO THE ESTATE

The Panel neglected to address a key issue presented in this case, namely who owns Account No. 659-7115**5**. Merrill Lynch's Client Relationship Agreement states: "[i]f you are opening retirement account(s), you <u>can</u> name one or more primary or contingent beneficiaries by completing the Beneficiaries section <u>for each retirement account</u>." (See Exhibit 21, Page 3.)[5]

Suzanne Whitney only designated a beneficiary for Account No. 659-7115**2** and did not designate a beneficiary for Account No. 659-7115**5**. Attached as Exhibit 1, page 1 is the beneficiary designation form signed by Suzanne Whitney (with annotations).[6] The first arrow on Exhibit 1, page 1 points to the words "Retirement Account for Client "**1**". Directly below a second arrow points to "Retirement Account for Client "**2**". To the right, account numbers "6597115**2**" and "6597115**5**" correspond to "Client **1**" and "Client **2**". According to the form, Client "1" was assigned to Account No. 659-7115**2** and Client "2" was assigned to Account No. 659-7115**5**. (There are <u>two</u> places on the form to make a separate beneficiary designation - a beneficiary for Client "1" and a beneficiary for Client "2"). This is required pursuant to Merrill Lynch's instructions. (See Exhibit 21, page 3.)

Amber Nicole Callaway is designated as the primary beneficiary and Phyllis J. Dorian is

---

[5] Although referred to as "Claimant's Exhibit", throughout the Arbitration and at the Hearing it was made clear the Exhibits were provided and introduced on behalf of Pamela Whitney, the Estate of Suzanne Whitney and the Estate of Mary Whitney.

[6] (Attached as Exhibit 21, page 4 is a blank copy of the form executed by Suzanne Whitney. Both Exhibits were submitted to the Panel.)

4

designated as the contingent beneficiary, for Account No. 659-7115**2**.  The space allocated to specify a beneficiary for Account No. 659-7115**5** was left blank.  The Merrill Lynch agreement states "[i]f you are opening retirement account(s), you <u>can</u> name one or more primary or contingent beneficiaries by completing the Beneficiaries section <u>for each retirement account.</u>"  (See Exhibit 21, page 3.)  These undisputed facts show that Suzanne Whitney declined to designate a beneficiary for Account No. 659-7115**5**.

The Merrill Lynch contract with Suzanne Whitney states "[i]f no beneficiary designation exists . . . **the plan will pay to the estate of the deceased account owner**".  (See Exhibit 96, page 11.)  Oklahoma law (71 O.S. §908) states "[i]f no beneficiary survives the death of all owners, **the security belongs to the estate of the deceased** sole owner or the estate of the last to die of all multiple owners."  By law, and in accord with the Merrill Lynch Client Relationship Agreement, Account No. 659-7115**5** belongs to the deceased's estate.

12 O.S. §1874 and 9 U.S.C. §10 control whether an arbitration award should be vacated.  Here, 12 O.S. §1874(A)(4)[7] and 9 U.S.C. §10(a)(4)[8] apply because the arbitrators exceeded their powers and so imperfectly executed their duties that a mutual, final and definite award upon the subject matter submitted was not made (i.e. the arbitrators failed to render any decision as to the ownership of Account No. 659-7115**5**.)  Moreover, the award is not supported by a rational basis and the arbitrators have

---

[7] "Upon an application and motion to the court by a party to an arbitration proceeding, the court <u>shall</u> vacate an award made in the arbitration proceeding if: . . . (4) An arbitrator exceeded the arbitrator's powers."  12 O.S. §1874.

[8] "In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration . . . (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
9 U.S.C. §10.

manifestly disregarded the law.[9]

Pursuant to 12 O.S. §1874(A)(4) and 9 U.S.C. §10(a)(4), the Arbitrators exceeded their powers by ignoring the parties' (Suzanne Whitney and Merrill Lynch) agreement. *See Sooner Builders & Investments, Inc. v. Nolan Hatcher Construction Services, LLC*, 164 P.3d 1063 (Okla. 2007). In *Sooner Builders*, the arbitrator refused to award attorney fees although there was a mandatory fee provision within the parties' agreement. This decision was challenged by the prevailing party. As a result, the district court effectively vacated the arbitrator's denial of attorney fees, and modified the award to include fees. *Id*. at 1067.

This decision was appealed to the Oklahoma Supreme Court, which held that the arbitrator ignored the parties' agreement and therefore exceeded his power. *Id*. at 1073. "An arbitrator's powers stem from the parties' agreement." *Id*. at 1072. "[T]he arbitrator ignored the parties' agreement and fashioned his own rule that no prevailing party attorney fees will be awarded if any fault is attributable to each of the parties. The arbitrator's ruling is contrary to the parties agreement, it exceeds the arbitrator's power, and the award may be properly vacated under §1874(A)(4)." *Id*. at 1071-1072. "When the arbitrator's award manifests an infidelity to the parties' agreement, the courts **must** refuse to enforce the award." *Id*. at 1071. *See also In re Arbitration Between Riverbay Corp. and Local 32-E*, 91 A.D.2d 509, 510 (N.Y. Sup. Ct. 1982) ("An arbitrator does exceed his power when he gives a totally irrational construction to the contractual provisions in dispute and, thus, makes a new contract for the parties.") *See also Jenkins v. Prudential-Bache Securities*, 847 F.2d 631, 634 (10th Cir. 1988) (In reviewing an arbitrator's interpretation of a collective bargaining agreement, the Court stated "[a]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does

---

[9] For manifest disregard of the law to apply there must be a showing that (1) the disregarded law is well-defined, explicit and clear, and (2) the arbitrator was aware of the law and decided to disregard the law. *Sooners Builders & Investments, Inc. v. Nolan Hatcher Construction Services, LLC*, 164 P.3d 1063, 1067 (Okla. 2007).

not sit to dispense his own brand of industrial justice. . . his award is legitimate **only** so long as it draws its essence from the collective bargaining agreement.")

The same circumstance exists here. The Client Relationship Agreement (and the law) mandates that if no beneficiary is named for an account, the account must pass to the deceased's estate. Since no beneficiary was designated for Account No. 659-7115**5**, the Panel exceeded its powers by disregarding the parties' agreement. The Award must be vacated pursuant to 12 O.S. 1874(A)(4), *Sooner Builders*, and 9 U.S.C. §10(a)(4).

### IV. THE ARBITRATORS EXCEEDED THEIR POWERS AND MANIFESTLY DISREGARDED THE LAW BY AWARDING ATTORNEY FEES

Numbered paragraph two of the Award states, "Pamela Whitney, the Estate of Suzanne Whitney and the Estate of Mary Whitney, are jointly and severally liable for and shall pay to Merrill Lynch, Pierce, Fenner & Smith, Inc. the sum of $93,295.00 in attorneys' fees and costs pursuant to Oklahoma common law and the panel's equitable authority." (See Exhibit 2, page 6.) By awarding fees, the Panel exceeded its powers because the award is in direct conflict with Oklahoma law.

#### A. The Panel's Attorney Fee Award Based On "Oklahoma Common Law" Has No Rational Basis

Oklahoma common law forbids an attorney fee award in the absence of a contract or statute authorizing such award. "Generally, Oklahoma does **not** allow awarding attorneys fees based upon prevailing party status **unless** such fees are provided for by statute or by contract." *State of Oklahoma, ex rel. State Insurance Fund v. JOA, Inc.*, 78 P.3d 534, 536 (Okla. 2003); *see also Oklahoma Turnpike Authority v. New Life Pentecostal Church of Jenks*, 870 P.2d 762, 766 (Okla. 1994) ("Unless otherwise provided by statute or contract, the prevailing party in litigation is **not** generally entitled to an attorney's fee.")

There is no statute which authorizes fees based on the facts and issues presented to the Panel.

7

Moreover, there is no contract between the parties which authorizes an attorney fee award. The Panel, by referencing Oklahoma common law in support of its attorney fee award, specified the applicable law and then disregarded it.

### B. Oklahoma Statutes Also Forbid The Attorney Fee Award

Oklahoma statutes govern when an arbitrator may award attorney fees.[10] 12 O.S. §1872(B) states "[a]n arbitrator may award reasonable attorney fees and other reasonable expenses of arbitration **if** such an award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding." Section 1872(C) states "[a]s to all other remedies **other than those authorized by subsections A and B of this section**, an arbitrator may order such remedies as the arbitrator considers just and appropriate under the circumstances of the arbitration proceeding. The fact that such a remedy could not or would not be granted by the court is not a ground for refusing to confirm an award under Section 23 of this act or for vacating an award under Section 24 of this act."

Subsection "C" grants an arbitrator the power to award relief provided the arbitrator complies with subsections (A) and (B). Because attorney fees are the subject of subsection (B), the law precludes

---

[10] A. An arbitrator may award punitive damages or other exemplary relief if such an award is authorized by law in a civil action involving the same claim and the evidence produced at the hearing justifies the award under the legal standards otherwise applicable to the claim.

B. An arbitrator may award reasonable attorney fees and other reasonable expenses of arbitration **if** such an award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding.

C. As to all remedies **other than those authorized by subsections A and B of this section**, an arbitrator may order such remedies as the arbitrator considers just and appropriate under the circumstances of the arbitration proceeding. The fact that such a remedy could not or would not be granted by the court is not a ground for refusing to confirm an award under Section 23 of this act [FN1] or for vacating an award under Section 24 of this act. [FN2]

D. An arbitrator's expenses and fees, together with other expenses, shall be paid as provided in the award.

E. If an arbitrator awards punitive damages or other exemplary relief under subsection A of this section, the arbitrator shall specify in the award the basis in fact justifying and the basis in law authorizing the award and state separately the amount of the punitive damages or other exemplary relief.

12 O.S. 1872.

an arbitrator from awarding attorney fees to a prevailing party unless the relief would be authorized in a civil action involving the same claim(s) or by agreement of the parties. There is no Oklahoma statute which would authorize an attorney fee award based on the facts and issues presented to the Panel, nor is there an agreement which permits one.

The above law forbids an arbitrator to award attorney fees except for special circumstances which do not exist here. (Any alleged "equitable powers" to award fees are also precluded by Oklahoma common law and Oklahoma statutes.) By basing the attorney fee award on "Oklahoma common law" and the "panel's equitable authority" the Panel exceeded its powers. The Award is not supported by any rational basis. The Panel knew the law yet disregarded it. Pursuant to 12 O.S. 1874(A)(4) and 9 U.S.C. §10(a)(4) the Award must be vacated.

## V.  THE AWARD CONTRADICTS ITSELF, IS AMBIGUOUS, FAILS TO ADDRESS ALL CLAIMS AND DOES NOT CONSTITUTE A MUTUAL, FINAL AND DEFINITE AWARD

### A.  The Arbitration Award Is Incomplete

Claims 1, 2, 6, 7 and 9 of the Statement of Claim all requested declaratory relief.[11] None of the claims for declaratory relief requested by Pamela Whitney or the Estates was addressed and therefore there was no final and definite Award upon the subject matter presented, as mandated by 9 U.S.C. §10(a)(4).

The Award states "(1) Claimant's claims, each and all, are hereby denied and dismissed with prejudice."[12] This does not address nor determine any rights of Pamela Whitney, the Estate of Suzanne Whitney and/or the Estate of Mary Whitney to the Accounts. (The purpose behind asserting the claims for declaratory relief was to determine ownership.)

---

[11] See pages 4-6 and 9-11 of Exhibit 3.
[12] See Exhibit 2, page 6.

9

The Panel's general "denial" of Pamela Whitney's claims clearly can only address the claims against Merrill Lynch for Breach of Fiduciary Duty (Claim Three), Negligence (Claim Four) and Breach of Contract (Claim Five) since these were claims for money damages and can be addressed by a general denial of those claims.

The claims for declaratory relief cannot be resolved by a general denial as they request the Panel to make a determination. Pursuant to 12 O.S. §1874(A)(4) and 9 U.S.C. §10(a)(4), the Court must vacate the Award because the Panel so imperfectly executed their powers that a mutual, final, and definite award upon the subject matter submitted was not made.

### B. The Panel Failed To Determine Whether A Beneficiary May Legally Name A Beneficiary To An <u>Inherited IRA</u>

The Whitney Parties requested declaratory relief on the question of law whether a beneficiary of an <u>inherited IRA</u> can legally name another beneficiary. This issue was not addressed by the Panel.

When Merrill Lynch set up Account Nos. 659-7115**2** and 659-7115**5** <u>they were not set up in Suzanne Whitney's name</u>. Instead, they were established in the name of <u>Mary Whitney (deceased)</u>. (See Exhibit 1, page 8 and 62.) Mary Whitney's estate remained the owner of these accounts. As noted on Exhibit 11, page 20, the two accounts at issue are <u>IRA</u> accounts, governed by Federal law.

IRS Publication 590 makes clear that a beneficiary of an IRA may only be selected and named by the <u>owner</u> of the IRA. Because the two accounts in controversy were created in the name of Mary Whitney, only Mary Whitney (or her estate because she was deceased at the time) could designate a beneficiary. The Estate of Mary Whitney made no such designation.

> If you inherit a traditional IRA, you are called a beneficiary. A **beneficiary** can be any person or entity the **owner** chooses to receive the benefits of the IRA after he or she dies. Beneficiaries of a traditional IRA must include in their gross income any taxable distributions they receive. (emphasis added).

(Exhibit 11 at page 20).

10

IRS Publication 590 draws a clear distinction between taking ownership of an IRA and remaining a beneficiary of an IRA. Regarding IRA's inherited from someone other than a spouse (Suzanne Whitney was the daughter of Mary Whitney), the beneficiary cannot take ownership of the account by putting the account into their name or rolling it over into their own IRA. Here, Suzanne Whitney inherited IRA accounts from her mother. Suzanne Whitney elected to retain her "beneficiary" status and not become the owner of the accounts. Thus the two inherited accounts were established in the name of Mary Whitney "deceased" and not in the name of Suzanne Whitney.

Merrill Lynch concedes in its account documentation that a beneficiary of an inherited IRA may or may not be able to designate another beneficiary and instructs its clients to seek the advice of an attorney or other tax professional on this issue.[13] (See Exhibit 21, page 3). The law cited above shows that a beneficiary of an inherited IRA account cannot treat the account as their own if they elect to retain their beneficiary status. Because this issue was not addressed by the Panel, pursuant to 12 O.S. §1874(A)(4) and 9 U.S.C. §10(a)(4), the Court must vacate the Award because the Panel so imperfectly executed their powers that a mutual, final, and definite award upon the subject matter submitted was not made. This issue applies to both Accounts 659-7115**2** and 659-7115**5**.

### C.   The Award Is Ambiguous And Contradictory

Numbered paragraphs two and three of the Award contradict one another. Paragraph two states ". . . are jointly and severally liable for and shall pay to Merrill Lynch, Pierce, Fenner & Smith, Inc. the sum of $93,295.00 in attorneys' fees and costs. . ." Numbered paragraph three states, "[o]ther than Hearing Session Fees which are specified below, the parties shall each bear their own *costs* and expenses incurred in this matter." (See Exhibit 2, page 6.)

11

Paragraph two awards attorney fees and costs, while paragraph three states each party is responsible for their own costs and expenses. These two conflicting provisions cannot be reconciled.

## VI. CONCLUSION

Out of an abundance of caution and to insure the Whitney Parties have filed this Motion in the correct jurisdiction, the Whitney Parties have filed this Motion in both Tulsa County District Court [where this action originated] and the Northern District of Oklahoma [where Merrill Lynch's Interpleader Action is pending].

Wherefore, Pamela Whitney, the Estate of Suzanne Whitney and the Estate of Mary Whitney respectfully request the Court enter an Order vacating the Arbitration Award attached hereto.

Pamela Whitney, the Estate of Suzanne Whitney and the Estate of Mary Whitney further request that the Court declare as a matter of law that no beneficiary designation was made for Account No. 659-71155.

Respectfully Submitted,

DOYLE HARRIS DAVIS & HAUGHEY

/s/ S. Max Harris
Steven M. Harris, OBA #3913
C. Matthew Bickell, OBA #18017
S. Max Harris, OBA #22166
1350 South Boulder, Suite 700
Tulsa, OK 74119
(918) 592-1276
(918) 592-4389 (fax)

---

[13] Merrill Lynch's form states "If you maintain an inherited IRA, you may, depending on the state in which you reside, name one or more beneficiaries by completing the Beneficiaries section. We urge you to consult your attorney or tax advisor before completing this section."

12

## CERTIFICATE OF SERVICE

I do hereby certify that on the 20th day of November, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Dixie Lynn Coffey     dixielcoffey@aol.com
Tara LaClair          tlaclair@dayedwards.com
Curtis Parks          parksbeard@yahoo.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

DR PAM WHITNEY
10000 OLD WARDEN RD
RALEIGH NC 27615-1126

/s/ S. Max Harris

1507-3.motiontovacateaward:lj