# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 09-CV-78-GKF-PJC ) |
| PAMELA WHITNEY and AMBER CALLAWAY, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

This matter comes before the court on the Motion to Confirm Arbitration Award to Judgment filed by plaintiff, Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") [Doc. No. 64], the Motion to Vacate Arbitration Award of defendant Pamela Whitney, the Estate of Suzanne Whitney and the Estate of Mary Whitney (collectively "Whitney") [Doc. No. 74] and the Motion for Hearing of plaintiff Merrill Lynch. [Doc. No. 83]. For the reasons set forth, Merrill Lynch's Motion to Confirm is granted, Whitney's Motion to Vacate is denied and Merrill Lynch's Motion for Hearing is denied as moot.

### I. Background and Procedural History

The dispute giving rise to this lawsuit has a tortuous history. In May 2007, Mary Whitney died. The decedent had two Individual Retirement Accounts, numbered 659-87628 and 659-86343 (the "Mary Whitney IRAs") with Merrill Lynch. In connection with these accounts, Mary Whitney designated her daughters, Suzanne Whitney and Pamela Whitney, as beneficiaries, with each to receive 50 percent of the assets remaining in the IRAs on her death. Both Suzanne Whitney and Pamela Whitney elected to open new accounts ("Beneficiary Controlled Accounts") to receive their portion of the assets in the Mary Whitney IRAs. This was done to comply with

federal tax regulations. Both beneficiaries executed Beneficiary Controlled Letter of Transfer Authorization Forms directing the transfer of assets from the Mary Whitney IRAs to their respective Beneficiary Controlled Accounts in accordance with Mary Whitney's designated distribution, i.e., each received 50 percent of the assets. In connection with their Beneficiary Controlled Accounts, both Suzanne Whitney and Pamela Whitney designated beneficiaries to receive any remaining assets in their respective Beneficiary Controlled Accounts upon their death. Suzanne Whitney designated Amber Callaway as beneficiary of her accounts and Pamela Whitney designated her husband as beneficiary of her accounts.

Suzanne Whitney died on October 25, 2007. Following her death, Pamela Whitney filed suit against Merrill Lynch and Amber Callaway in Tulsa County District Court, Case No. CJ 2008 1654, claiming a right to the assets in the Suzanne Whitney Beneficiary Controlled Accounts. In that lawsuit, Pamela Whitney alleged, among other things, that Suzanne Whitney lacked the requisite mental capacity to designate a beneficiary. She also claimed Merrill Lynch lacked authority to transfer assets from the Mary Whitney IRAs pursuant to Suzanne Whitney's instructions, and that the contract between Merrill Lynch and Suzanne Whitney, by which Suzanne Whitney designated a beneficiary for her beneficiary accounts, was unlawful. Merrill Lynch sought to compel arbitration of Pamela Whitney's claims against it. The state court dismissed Merrill Lynch from that action with instructions to freeze the Suzanne Whitney Beneficiary Controlled Accounts until the state court action was resolved. On July 8, 2008, Pamela Whitney filed an arbitration claim with the Financial Regulatory Authority ("FINRA"). In the FINRA claim, Pamela Whitney asserted various claims against Merrill Lynch, including the claims she had originally brought in state court.

On December 4, 2008, the jury in the state court action returned a verdict in favor of defendant Amber Callaway, finding that Suzanne Whitney was competent when she designated Callaway as her beneficiary. The jury further found that Callaway was not unjustly enriched by Suzanne Whitney's designation of her as beneficiary to the Suzanne Whitney Beneficiary Controlled Accounts. Pamela Whitney appealed the verdict and judgment in the state court case.

On January 22, 2009, Callaway made written demand on Merrill Lynch for payment of the funds in the Suzanne Whitney Beneficiary Account. In response, Merrill Lynch filed an interpleader action in Tulsa County District Court, Case No. CJ 2009 00872, seeking to interplead the Suzanne Whitney Beneficiary Controlled Accounts until an appropriate disposition of the assets could be determined. On February 19, 2009, Pamela Whitney removed the case to federal court on the basis of diversity jurisdiction [Doc. No. 1]. Callaway filed a Motion to Remand. [Doc. No. 30]. Pamela Whitney filed a Motion to Compel Arbitration, Dismiss or Stay [Doc. Nos. 25-27]. Merrill Lynch filed a Motion to Dismiss counterclaims of Callaway [Doc. No. 41]. On July 10, 2009, this court entered an order denying Callaway's Motion to Remand, granting in part and denying in part Pamela Whitney's Motion to Compel Arbitration, Dismiss or Stay, and denying Merrill Lynch's Motion to Dismiss as moot. [Doc. No. 51]. The court directed Merrill Lynch to transfer funds in the accounts at issue into an agreed rollover IRA account or accounts on or before July 31, 2009, at which time the court stated it would stay the action pending resolution of the arbitration between Pamela Whitney and Merrill Lynch.[1]

From August 4-6, 2009, a hearing was held in Oklahoma City, during which the FINRA

---

[1] To date, Whitney has been unable to find anyone willing to become trustee of the IRAs. On July 31, 2009, she filed a Motion to Extend the deadline. [Doc. No. 58].

Arbitration Panel (the "Panel") considered Whitney's claims. On October 21, 2009, after consideration of the pleadings, testimony and evidence presented at the hearing and post-hearing submissions, the Panel entered an Award and determined (1) All of claimant Whitney's claims were denied and dismissed with prejudice; and 2) Pamela Whitney, the Estate of Suzanne Whitney and the Estate of Mary Whitney are jointly and severally liable for attorneys' fees and costs of Merrill Lynch in the amount of $93,205.00. [Doc. No. 64, Ex. 2].

## II. Merrill Lynch's Motion to Confirm and Whitney's Motion to Vacate Arbitration Award

Citing 9 U.S.C. §9, Merrill Lynch filed a Motion to Confirm Arbitration Award to Judgment [Doc. No. 64]. Whitney filed a Motion to Vacate Arbitration Award [Doc. No. 74].

The Federal Arbitration Act provides that a party to an arbitration may apply for an order confirming an arbitration award in the United States court in and for the district within which the award was made. 9 U.S.C. §9. Upon the application of a party to confirm an award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* With respect to challenges to the arbitration award, the act provides:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration–
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced; or

4

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award on the subject matter submitted was not made.

9 U.S.C. §10.

Similarly, the Oklahoma Uniform Arbitration Act allows a party to an arbitration to seek an order from the court confirming the arbitration. 12 O.S. §1873. A party challenging the award may file a motion to vacate on various grounds, including where an arbitrator exceeded the arbitrator's powers. 12 O.S. §1874(A)(4).

Whitney contends:

> The Arbitration Panel...in making an Award...following the presentation of evidence 'failed to make a definite award upon the subject matter submitted,' in compliance with 9 U.S.C. §10 and exceeded their powers contrary to 12 O.S. §1874. The Panel fashioned an Award which has no rational basis and disregards the law.

[Doc. No. 74, p. 2]. Further, she alleges:

> In violation of 12 O.S. 1874 and 9 U.S.C. §10, the Arbitrators exceeded their powers and so imperfectly executed their duties that a mutual, final, and definite award upon the subject matter was not made.

[*Id.,* p. 4]. Whitney identifies three ways in which she contends the Panel erred: First, she claims the Panel failed to address a key issue, "namely who owns Account No. 659-71155." Second, she contends the Panel exceeded its powers and disregarded the law by awarding attorney fees to Merrill Lynch. Third, she alleges the Award is ambiguous, fails to address all claims and does not constitute a mutual, final and definite award because:

- the Panel did not address her requests for declaratory relief asserted in Claims 1, 2, 6, 7 or 9.

- the Panel failed to determine whether a beneficiary may legally name a beneficiary

5

> to an inherited IRA; and
>
> • numbered paragraphs two and three of the Award contradict one another because paragraph two awards attorneys fees and costs against Whitney and in favor of Merrill Lynch but paragraph three states, "[o]ther than Hearing Session Fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter."

[*Id.* pp. 9-12].

### III. Analysis

The court's function in confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, i.e., avoidance of litigation, would be frustrated. *Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corporation,* 274 F.2d 805, 808 (2nd Cir. 1960). Where the parties have agreed to submit disputes to arbitration, the court is limited to ascertaining whether there exists one of the specific grounds for the vacation of an award as provided in 9 U.S.C. §10. *Saxis Steamship Co. v. Multifacs International Traders, Inc.,* 375 F.2d 577, 581 (2nd Cir. 1967). The statutory provisions do not authorize setting aside an award on the grounds of erroneous finding of fact or of misinterpretation of law. *Amicizia Societa Navegazione ,* 274 F.2d at 808. The burden of proof of establishing a violation of 9 U.S.C. §10 rests upon the party making the claim. *Id.* at 582. The court's review of an arbitration award is "severely limited because extensive judicial review frustrates the basic purpose of an arbitration, which is to dispose of disputes quickly and avoid the expense and delay of extended court proceedings." *Id.* It is with these guidelines in mind that the court addresses each of Whitney's challenges to the award.

## A. Ownership of Account No. 659-71155

Whitney claims the Panel neglected to address the ownership of IRA Account No. 659-71155. Account No. 659-71155 is one of the two Mary Whitney accounts set up for the benefit of Suzanne Whitney. [Doc. No. 74, Ex. 3 (Doc. No. 74-4), Statement of Claim, ¶3]. Whitney raised the issue of ownership of the account in Claims One and Nine of her Statement of Claim. In those claims she requested declaratory judgment that Suzanne Whitney had no authority or legal status to designate a beneficiary for the two Mary Whitney accounts set up for Suzanne Whitney's benefit (one of which was Account No. 659-71155), and therefore the beneficiary designation forms she executed designating Amber Callaway as a beneficiary were void; that Pamela Whitney is the sole surviving heir and beneficiary of the two IRAs; and a determination of what interest, if any, the Estates of Mary Whitney and Suzanne Whitney had in the accounts [*Id.*, Ex. 3 (Doc. No. 74-4, Claims One and Nine]. The Panel, in its Award, stated Pamela Whitney's causes of action "related to the distribution of funds from the two IRA accounts held at Merrill Lynch by Mary Whitney at the time of her death." [Doc. No. 74, Ex. 2 (Doc. No. 74-3), Award, p. 3 of 10]. The Panel concluded:

> After considering the pleadings, the testimony, the evidence presented at the hearing and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1. Claimant's claims, each and all, are hereby denied and dismissed with prejudice.
> \*   \*   \*
> 4. Any other relief not specifically enumerated, including sanctions, is hereby denied with prejudice.

[*Id.,* p. 6 of 10]. Thus, the Panel's Award is clear in its denial of all of Whitney's claims, including her claim of ownership of Account No. 659-71155.

## B. Award of Attorney's Fees

7

Whitney claims the Panel exceeded its authority in violation of 9 U.S.C. §10(a)(4) by awarding attorney fees to Merrill Lynch. In this regard, "[e]very presumption is in favor of the award's validity, and the person challenging an award has the burden of showing that the arbitrator exceeded his authority." *Shahmoon Industries, Inc. v. United Steel Workers of America, AFL-CIO,* 263 F.Supp. 10, 14 (D. N.J. 1966) citing *Burcell v. v. Marsh,* 58 U.S. 344 (1854) and *Amicizia Societa Navegazione, supra.*

The Panel awarded Merrill Lynch "$93,205.00 in attorneys' fees and costs pursuant to Oklahoma common law and the panel's equitable authority." [Doc. No. 74, Ex. 2 Doc. No. 74-3), p. 6 of 10]. Under Oklahoma law, attorneys fees may be awarded only if provided for by statute or by contract. *See State ex rel. State Ins. Fund v. JOA, Inc.,* 78 P.3d 534, 536 (Okla. 2003); *Natkin & Co. v. Midwesco, Inc.,* 863 P.2d 1222, 1224 (Okla. 1993). Whitney claims no statute or contract authorizes the awarding of fees.

However, the arbitration provision in the Merrill Lynch Relationship Agreements signed by Whitney in opening her inherited IRA accounts requires the arbitration of "any controversies" between the parties [Doc. No. 78, Ex. 2 (Doc. No. 78-3), p. 1 of 1], as does the IRA Disclosure and Custodial Agreement [*Id.,* Ex. 3 (Doc. No. 78-4), p.21-22 of 22]. The IRA Disclosure and Custodial Agreement specifically states, "any expenses we [Merrill Lynch] incur in legal proceedings involving your IRA, including attorney's fees, are chargeable to your IRA and payable by you if not paid from your IRA." [*Id.,* Ex. 3 (Doc. No. 78-4), p. 21 of 22]. The agreement also specifies:

> "except for determining the interests of beneficiaries, which shall be governed by the laws of the state of your domicile at your death, the laws of the State of New York and federal law applicable to individual retirement accounts (IRAs) shall govern this agreement..."

[*Id.,* p. 22 of 22].[2]  New York state and federal courts have recognized the authority of arbitrators to grant legal fees based on arbitration agreements, disclosure and custodial agreements and uniform submission agreements.  *See Application of Ras Securities Corp.,* 251 A.D.2d 98, 674 N.Y.S.2d 303 (N.Y. App. Div. 1st Dep't 1998); *Matter of McLaughlin Piven Nogel Sec., Inc. v. Ferrucci,* 2008 Slip Op 51347U (N.Y. Sup. Ct. 2008); *PaineWebber Inc. v. Bybyk,* 81 F.3d 1193, 1202 (2nd Cir. 1996) *First Interregional Equity Corporation v. Haughton,* 842 F.Supp. 105, 112 (S.D.N.Y. 1994).  Moreover, both Whitney and Merrill Lynch requested attorneys fees in their initial filings with FINRA, and at the conclusion of the hearing, Whitney submitted an accounting of attorneys fees totaling $319,732.70 incurred in the arbitration. [Doc. No. 74, Ex. 1 (Doc. No. 74-3), Award, p. 4 of 10].

The court concludes there is a contractual basis for the award of attorneys fees.  Whitney's claim that the Panel exceeded its authority in awarding attorneys fees must be rejected.

### C.  Alleged Ambiguity/Incompleteness of Award

Whitney contends the Award was ambiguous and incomplete because it failed to address her claims for declaratory relief in Claims 1, 2, 6, 7 and 9.  This claim is without merit.  As the court noted above, the award stated, in pertinent part: "Claimant's claims, each and all, are hereby denied and dismissed with prejudice.**"** [Doc. No. 74, Ex. 2, 74-3, Award, p. 6 of 10].

Similarly, Whitney asserts the Panel's Award failed to determine whether a beneficiary may legally name a beneficiary to an inherited IRA.  In finding against Whitney on all of her

---

[2]Merrill Lynch also asserts the parties signed a Uniform Submission Agreement to the NASD which states, "the undersigned party hereby submits the present matter in controversy, as set forth in the attached statement of claim...to arbitration." [Doc. No. 78, p. 8].  Neither party, however, appears to have attached a copy of that agreement to its pleadings.

claims, the Panel implicitly answered this question in the affirmative.

Finally, Whitney claims numbered paragraphs two and three of the Award contradict one another because paragraph two awards attorneys fees and costs to Merrill Lynch but paragraph three states, "[o]ther than Hearing Session Fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter." However, paragraph 2 sets out a sum certain for "attorneys fees and costs" and paragraph 3 sets out additional costs and designates which party bears them. Assuming–as the law requires–that every presumption is in favor of the award's validity, the court finds Whitney has not proven paragraphs 2 and 3 are in conflict.

### IV. Conclusion

Whitney has failed to meet the heavy burden required to vacate the Panel Award. Therefore, Whitney's Motion to Vacate Arbitration Award [Doc. No. 74] is denied and Merrill Lynch's Motion to Confirm Arbitration Award to Judgment [Doc. No. 64] is granted. Merrill Lynch's Motion For Hearing [Doc. No. 83] is denied as moot.

ENTERED this 26th day of January, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma