# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

MERRILL LYNCH, PIERCE, FENNER & )
SMITH, INC., a Delaware corporation, )
                                                         )
                         Plaintiff, )
                                                         )
vs. )                     Case No. 09-CV-78-GKF-FHM
                                                         )
PAMELA WHITNEY and AMBER )
CALLAWAY, )
                                                         )
                      Defendants. )

## OPINION AND ORDER

This matter comes before the court on defendant Pamela Whitney's Rule 59 Motion for New Trial and/or to Alter/Amend Judgment [Doc. No. 93] and Motion (Pursuant to F.R.C.P. Rule 60) to Award Relief From a Judgment (Doc. No. 92) and/or Order (Doc. No. 89) [Doc. No. 94].[1] For the reasons set forth below, both motions are denied.

The lengthy history of the litigation among Pamela Whitney, Amber Callaway and Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") has been recounted in previous orders of the court [Doc. Nos. 51, 89] and does not bear repeating. In 2009, the court granted in part a motion by Whitney to compel arbitration of her claims against Merrill Lynch. [Doc. No. 51]. Following a hearing conducted by a Financial Regulatory Authority ("FINRA") Arbitration Panel, the panel entered an award determining (1) all of claimant Whitney's claims were denied and dismissed with prejudice; and (2) Pamela Whitney, the Estate of Suzanne Whitney and the Estate of Mary Whitney were held to be jointly and severally liable for attorneys' fees and costs of Merrill Lynch in the amount of $93,205.00. [Doc. No. 64, Ex. 2]. Merrill Lynch filed a Motion

---

[1] Whitney's Rule 59 Motion [Doc. No. 93] and Rule 60 Motion [Doc. No. 94] are identical but for their recitation of and reliance upon different rules.

to Confirm Arbitration Award to Judgment and Whitney filed a Motion to Vacate Arbitration Award. [Doc. Nos. 64, 74].

On January 26, 2010, the court entered an order granting Merrill Lynch's Motion to Confirm and denying Whitney's Motion to Vacate. [Doc. No. 89]. Judgment was entered on January 28, 2010. [Doc. No. 92]. Whitney now asks the court to alter its decision and vacate the arbitration award pursuant to Rules 59 and 60.

## I. Standard of Review

"[A] Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.,* No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. March 19, 2009) (quoting *Maul v. Logan Cty. Bd. of Cty. Comm'rs,* No. CIV-05-605, 2006 WL 3447629, at *1 (W.D. Okla. Nov. 29, 2006)). A motion to reconsider may be considered on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)). In other words, when the court has "misapprehended the facts, a party's position, or the controlling law," a motion to reconsider is appropriate. *Id.; see Syntroleum Corp.,* 2009 WL 761322, at *1. Parties' efforts to "revisit issues already addressed or advance arguments that could have been raised in prior briefing" will not be considered. *Maul,* 2006 WL 3447629, at *1.

Whitney's Rule 60 motion invokes subsections (a) and (b) of the rule, which provide:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.**
> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. ...
>
> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(a) and (b). The applicability of Rule 60(a) is limited to situations "where the judgment has failed accurately to reflect the actual decision of the decision maker." *In re Frigitemp Corp.,* 781 F.2d 324, 327 (2d Cir. 1986). Whitney makes no such assertion. Therefore, relief under Rule 60(a) is inappropriate.

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). "A litigant shows exceptional circumstances by satisfying one or more of the Rule 60(b) six grounds for relief from judgment." *Id.* at 1243-44. However, relief will not be granted under Rule 60(b) merely because a party is unhappy with the judgment. Wright, Miller & Kane, Federal Practice and Procedure; Civil 2d §2858. Neither a Rule 59(e) motion nor a Rule 60(b) motion are appropriate vehicles to reargue issues already addressed by the court. *Servants of the Paraclete,* 204 F.3d at 1012.

Although Whitney does not explicitly state the basis for either motion, she appears to assert that the court committed clear error in confirming the Arbitration Award. Clear error requires "the definite and firm conviction that a mistake has been committed based on the entire evidence or that a particular fact determination lacks any basis in the record." *Maul,* 1005 WL 3447629, at *1.

Since Whitney objects to an order confirming an arbitration award, review of the standard for judicial vacation of such awards is in order. Judicial review of an arbitration award is extraordinarily narrow and the court must defer to the arbitrator's decision when possible. *Antwine v. Prudential Bache Securities, Inc.,* 899 F.2d 410, 413 (5th Cir. 1990). Where the parties have agreed to submit disputes to arbitration, the court is limited to ascertaining whether there exists one of the specific grounds for vacation of an award as provided in 9 U.S.C. §10. *Saxis Steamship Co. v. Multifacs International Traders, Inc.,* 375 F.2d 577, 581 (2d Cir. 1967).[2] The statutory provisions do not authorize setting aside an award on the grounds of an erroneous finding of fact or of misinterpretation of law. *Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corporation,* 274 F.3d 805, 808 (2d Cir. 1960). "[A reviewing court] may not set aside an award simply because the court might have interpreted the agreement differently or because the arbitrators erred in interpreting the law or in determining the facts." *UHC Management Co. v. Computer Sciences Corp.,* 148 F.3d 992, 998 (8th Cir. 1998). "In order for an award to be imperfectly executed, the award itself, *not the reasoning behind the award*...must be

---

[2]Whitney, relying on 9 U.S.C. §10(a)(4), asserted in her Motion to Vacate that the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award on the subject matter submitted was not made.

indefinite or ambiguous." *VanHorn v. Van Horn,* 393 F.Supp.2d 730, 749 (N.D. Iowa 2005). Additionally, a "final and definite award" is made where the award disposes of all of the claims. *Id. See, e.g. Remmey v. PaineWebber, Inc.,* 32 F.3d 143 (4th Cir. 1994).

## II. Analysis

The court, in its order confirming the arbitration award," found the arbitrators had not exceeded their powers, or so imperfectly executed them that a mutual, final and definite award was not made. [Doc. No. 89]. Whitney now challenges this determination, arguing:

1) The Arbitration Award did *not* determine the ownership of Account No. 659-72115;

2) The panel's award of attorney fees was inappropriate.

3) The award fails to address all claims and does not constitute a mutual final and definite award.

These are the same arguments Whitney made in opposition to confirmation of the Arbitration Award. "[R]evisting the issues already addressed is not the purpose of a motion to reconsider." *Van Skiver,* 952 F.2d at 1243.

Nevertheless, the court has once again reviewed the record to determine whether its order confirming the arbitration award was "clear error."

### A. Ownership of Account No. 659-72115

In its order confirming the Arbitration Award, the court reviewed the claim submitted by Whitney, her arguments in support of ownership of the account, and the Panel's conclusions. [Doc. No. 89, p. 7]. The court concluded the Panel had denied *all* of Whitney's claims, including her claim of ownership of Account No. 659-7115 [*Id.*]. Having again reviewed the record, the court finds this conclusion was correct. The parties disputed ownership of the account upon

5

Suzanne Whitney's death, and the panel found in favor of Merrill Lynch on the issue.[3]  It is not the court's role to second guess the correctness of the Arbitration Panel's conclusion in favor of Merrill Lynch and against Whitney on this issue. *See Amicizia Societa Navegaziono,* 274 F.3d at 808.

### B. Attorney Fee Award

Similarly, Whitney's contention that the Arbitration Panel exceeded its authority in awarding attorney fees to Merrill Lynch is simply a reiteration of her argument in the Motion to Vacate.  Merrill Lynch asserted that under Oklahoma law, attorney fees are appropriate if agreed to by the parties, and the parties–through the Client Relationship Agreements and the IRA Disclosure and Custodial Agreement–agreed to attorney fees.  The court, in its order confirming the arbitration award, discussed the positions of the parties and found the Arbitration Panel did not exceed its authority in awarding attorney fees because there was a contractual basis for such fees.  Whitney's argument that Merrill Lynch submitted insufficient evidence to support the fee award is also unavailing.  Whitney contends that under *Burk v. City of Oklahoma City,* 598 P.2d 659, 663 (Okla. 1979),  Merrill Lynch can only recover attorney fees if it submitted detailed time records showing the work performed and offered evidence as to the reasonable value for the services performed.  However, in *Conti v. Republic Underwriters Insurance Company,* 782 P.2d 1357, 1362 (Okla. 1989), the Oklahoma Supreme Court held the trial court did not abuse its

---

[3]Whitney argued Suzanne Whitney failed to designate a beneficiary for Account No. 659-71155; therefore, under Oklahoma law and the Merrill Lynch contractual documents, the account must be paid to the deceased's estate.  Merrill Lynch asserted that at the time the accounts were created, a single form, the Client Relationship Agreement ("CRA"), was used for multiple accounts.  Suzanne Whitney executed the CRA, which authorized her to designate a successor beneficiary and, in the section titled "BENEFICIARIES," she listed Amber Callaway as the primary beneficiary.

discretion in awarding attorney fees where the prevailing party did *not* follow the *Burk* guidelines. In so ruling, the court stated, "The appellant's argument is based on the perception that the guidelines set out in...*Burk*...are mandatory, and that failure of counsel to follow those documentation guidelines prohibits an award of attorney fees." *Id.* The court made it clear that the guidelines were not mandatory. *Id.* Here, the award of fees had a basis in law and fact and the court finds no reason to vacate the Panel's decision.

### C. Whether the Award Was Final and Definite

Whitney asserts the Award was not "final and definite" because it did not address requests for declaratory relief made in Claims 1, 2, 6, 7 and 9 in her Statement of Claim. She contends–without citing any authority–that the Panel's general denial of all of her claims can only address her claims for money damages. [Doc. No. 94, p. 15] Whitney is wrong. The award stated, "Claimant's claims, each and all, are hereby denied and dismissed with prejudice." [Doc. No. 74, Ex. 2, 74-3, Award, p. 6 of 10]. Such a statement could hardly be more final and definite, and satisfies the "mutual, final and definite" requirements of 9 U.S.C. §10(a)(4). *Remmey,* 32 F.3d at 150; *see also Antwine,* 899 F.2d at 412. That the panel did not state its reasons for denying her requests for declaratory relief is of no consequence. It has long been settled that arbitrators need not disclose or explain the reasons underlying an award. *See United Steelworkers of Am. v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 598 (1960); *Remmey,* 32 F.3d at 151; *Antwine,* 899 F.2d at 412. As the Fifth Circuit has stated:

> The policy behind such a rule is manifest. If arbitrators were required to issue an opinion or otherwise detail the reasons underlying an arbitration award, the very purpose of arbitration–the provision of a relatively quick, efficient and informal means of private dispute settlement–would be markedly undermined.

*Antwine,* 899 F.2d at 412 citing *Sobel v. Hertz, Warner and Co.,* 469 F.2d 121, 1214 (2d Cir.

1972).

## Conclusion

For the reasons set forth above, Whitney's Rule 59 Motion for New Trial and/or to Alter/Amend Judgment [Doc. No. 93] and Motion (Pursuant to F.R.C.P. Rule 60) to Award Relief From a Judgment (Doc. No. 92) and/or Order (Doc. No. 89) [Doc. No. 94] are denied.

ENTERED this 20th day of May, 2010.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma